DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Erie County Court of Common Pleas, Domestic Relations Division, wherein appellee, James M. Keller's motion to dismiss appellant, Cynthia L. Keller's, complaint for divorce, was granted in part and dismissed in part. Because we find that the trial court lacked in personam jurisdiction over appellee, we affirm.
 {¶ 2} The relevant facts are as follows. Appellant filed a complaint for divorce from appellee. The parties had been married since August 26, 1978, and had three children, one of whom was emancipated. Appellee filed an answer to the complaint seeking a dismissal arguing that the court lacked personal jurisdiction over him. Specifically, appellee alleged that the parties never lived in a marital relationship in the state of Ohio.
 {¶ 3} The matter came before a magistrate on April 12, 2004. The magistrate recommended that appellee's motion to dismiss be denied. Appellee filed objections to the magistrate's decision. On December 30, 2004, the trial court granted appellee's motion in part as to the issues of spousal support and property division but denied appellee's motion in part as to the issues of granting a divorce and allocation of parental rights and responsibilities. Appellant now appeals setting forth the following assignment of error:
 {¶ 4} "The trial court erred as a matter of law in finding that defendant-appellee was not subject to the jurisdiction of the court as provided for under civil rule 4.3(A)(1) and (8) for purposes of property division and spousal support."
 {¶ 5} The power of a state court to exert personal jurisdiction over a nonresident defendant is limited by the Due Process Clause of the Fourteenth Amendment. Asahi Metal Industry Co. v. Superior Court (1987),480 U.S. 102, 108-09, 94 L. Ed. 2d 92, 102, 107 S. Ct. 1026. Due process requires that in order to subject a nonresident defendant to a judgment in personam, the nonresident must have certain minimum contacts with the forum, such that notions of fair play and substantial justice are not offended by requiring him to defend in that forum. International ShoeCo. v. Washington (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102,66 S. Ct. 154. The test for minimum contacts may not be applied mechanically; rather, the facts of each case must be weighed to determine whether sufficient affiliating circumstances are present. Kulko v.Superior Court of California (1978), 436 U.S. 84, 92, 56 L. Ed. 2d 132,141, 98 S. Ct. 1690, quoting Hanson v. Denckla (1958), 357 U.S. 235, 246,2 L. Ed. 2d 1283, 1293, 78 S. Ct. 1228.
 {¶ 6} R.C. 2307.382, Ohio's long-arm statute, authorizes the exercise of personal jurisdiction over nonresident defendants. Civ. R. 4.3 provides for service and determines the "minimum contacts" necessary to effectuate that jurisdiction. Kvinta v. Kvinta, 10th Dist. No. 02AP-836, 2003-Ohio-2884. Civ. R. 4.3(A)(1) states in pertinent part:
 {¶ 7} "Service of process may be made outside of this state, * * * in any action in this state, upon a person who at the time of service of process is a nonresident of this state or is a resident of this state who is absent from this state. The term "person" includes an individual * * * who * * * has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's * * * transacting any business in this state."
 {¶ 8} Civ. R. 4.3(A)(8) states, in pertinent part:
 {¶ 9} Service of process may be made outside of this state * * * in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. `Person' includes an individual * * * who * * * has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 {¶ 10} "* * *
 {¶ 11} "Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state."
 {¶ 12} In determining the propriety of personal jurisdiction based on Civ. R. 4.3(A)(8), the dispositive issue is "whether the nonresident defendant lived in a marital relationship within the state to an extent sufficient to satisfy the minimum-contacts requirement of constitutional due process." Fraiberg v. Cuyahoga Cty. Court of Common Pleas, DomesticRelations Div. (1996), 76 Ohio St.3d 374, 377-378. Our review of the trial court's determination regarding personal jurisdiction is de novo.
 {¶ 13} At the time of the divorce, appellant resided in Ohio and appellee resided in Pennsylvania. Both parties were born and raised in Erie County, Ohio. They got married in Erie County, Ohio in 1978. They resided in Ohio from August 26, 1978 until September 15, 1978. In September 1978, the parties moved to Rome, Italy where appellee attended college. The parties were in Italy until January 1979. While in Italy, the parties maintained their Ohio residency status by listing Ohio as their state of residence on their federal income tax forms, maintaining their Ohio driver's licenses and keeping their Ohio bank accounts open. After leaving Italy, the parties moved to South Bend, Indiana. Once again, the parties maintained their Ohio residency status until they moved to Illinois in 1980. In 2002, appellant and her minor children moved back to Ohio where she was living at the time of the divorce. The parties own a 50 percent interest in a software company called da Vinci Holdings Limited which, appellant contends, has regular contact with businesses in Ohio.
 {¶ 14} Based on the foregoing evidence, we conclude that personal jurisdiction of appellee has not been established pursuant to either Civ. R. 4.3(A)(1) or (8). No evidence was presented to support appellant's assertions that appellee was transacting business in Ohio. The parties' marital relationship in this state lasted less than three weeks and was over twenty years ago. We agree with the trial court's conclusion that appellee had insufficient minimum contacts with the forum state to justify jurisdiction over him. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 15} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Erie County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., Concur.